JUSTICE GRAY,
concurring in part and dissenting in part.
¶71 I concur in the Court’s opinion on all issues except issue 5, which is whether the District Court erred in concluding that § 77-6-304, MCA, is constitutional. On that issue, I dissent from the Court’s holding that § 77-6-304, MCA, is unconstitutional on its face as violative of the trust.
¶72 Section 77-6-304, MCA, provides:
The former lessee may, however, remove the movable improvements on the land and dispose of them to parties other than the lessee. If he fails to remove the improvements from the land within 60 days from the date of the expiration of his lease, all of the improvements become the property of the state unless the department for good cause grants additional time for their removal.
The Court determines that this statute authorizes the Department to allow former lessees to remain free of charge on trust lands for up to sixty days while they remove improvements and, as a result, that the statute is facially inconsistent with the trust’s requirement that full market value be obtained for interests in school trust lands. I would agree with the Court’s conclusion if § 77-6-304, MCA, on its face, actually allowed for the continued occupancy of the leased premises by a former lessee for sixty days. The statute does not do so, however. Indeed, nothing in the statutory language permits continued occupancy by the former lessee for sixty days or precludes the issuance of a lease to, and occupancy thereunder by, a new lessee. Nor are the Department’s policies relating to § 77-6-304, MCA, relevant to the facial constitutionality of the statute.
¶73 In short, it is my view that Montrust has failed to establish that § 77-6-304, MCA, is facially unconstitutional beyond a reasonable *424 doubt as required by Martel. Therefore, I dissent from the Court’s holding on issue 5.
JUSTICE REGNIER joins in JUSTICE GRAY’S foregoing concurring and dissenting opinion.
CHIEF JUSTICE TURNAGE joins in JUSTICE GRAY’S concurring and dissenting opinion.